F I L E D
United States Court of Appeals
Tenth Circuit

NOV 18 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CECIL BOWMAN,

   Plaintiff - Appellant,

  v.

ROBERT ANDERSON, in his Official
Capacity as the Chairman of the
Oklahoma Tax Commission,

   Defendant - Appellee.

No. 98-6214

(W.D. Oklahoma)

(D.C. No. 97-CV-701-L)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **McKAY** , and **LUCERO** , Circuit Judges.

---

   After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. Civ. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

   *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case involves an employment dispute between Cecil Bowman and his longtime employer, the Oklahoma Tax Commission. Bowman sought, and was denied, a promotion within the ranks of the Tax Commission. After he was denied the promotion, Bowman filed this action in the district court, alleging that the Tax Commission had unlawfully discriminated against him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and Title VII, 42 U.S.C. §§ 2000e to 2000e-17. The district court granted the Tax Commission's motion for summary judgment, and Bowman appeals. For the reasons discussed below, we affirm the judgment of the district court.

**BACKGROUND**

The record shows the following facts to be undisputed. After his graduation from high school in 1963, Bowman held various jobs, including district manager for a life insurance company, security investigator for an auto supply company, security officer for a hospital, and manager of a hotel. In 1980, Bowman enrolled in school at The State University of New York at Albany, where he graduated in 1983, earning a degree in business and social science. Bowman went on to earn a master's degree in law enforcement from Columbia Pacific University. Soon after completing his master's work in 1985, Bowman took a job with the Oklahoma Tax Commission. When he entered the service of

the Tax Commission, Bowman held the position of Revenue Examiner I. In 1988, Bowman was promoted to the position of Revenue Examiner II, and he held that position when, in 1995, he sought a promotion to the position of Auditor I, the promotion at issue in this case.

For persons without an accounting degree, including Bowman, the typical career ladder for promotion within the Oklahoma Tax Commission begins with Revenue Examiner I, and progresses to Revenue Examiner II, Tax Auditor, and eventually to Senior Tax Auditor. The Auditor I position, which Bowman sought in 1995, is the career ladder equivalent of Senior Tax Auditor.

The published requirements for the Auditor I position include either (1) "a baccalaureate degree in accounting," (2) "a baccalaureate degree in business or public administration and one year of professional-level auditing experience," or (3) "an equivalent combination of education and experience." Appellant's App. at 116. Before an applicant can be hired for any position with the Tax Commission, the Oklahoma Office of Personnel Management (OPM) must certify that the applicant meets the published qualifications.

Bowman does not have a degree in accounting, and therefore must fit into one of the other two categories. The record reflects that the positions of Revenue Examiner I and Revenue Examiner II are not considered "professional-level

auditing experience." Id. at 92 (uncontradicted deposition testimony of Hank Batty).

In 1992, while working as a Revenue Examiner II, Bowman sought certification from OPM that he was qualified for the Auditor I position. He sat for and passed the required written test, and on April 7, 1992, OPM sent Bowman a letter stating that he was eligible to be considered for the Auditor I position when an opening became available. Id. at 98. Bowman periodically renewed this eligibility, and in 1995, when he applied for the Auditor I position, OPM listed Bowman as qualified and eligible for the position. The Oklahoma Merit Rules for Employment require OPM to give notice to persons who are removed from the qualified list for reasons other than lapse of time, and grant such persons a right of appeal from the decision of removal. The record reflects that Bowman was never notified of any removal from the qualified list.

On or about May 10, 1995, the Tax Commission posted a notice stating that there were three new openings for the Auditor I position. Bowman, along with 25 others, submitted an application for the positions. The record does not reflect the gender and age of all 26 of the applicants. From this pool of 26 applicants, the Tax Commission selected ten for personal interviews. Bowman was not selected. The ten interviewed candidates included five men and five women; five of the interviewees were over the age of 40.

The Tax Commission selected three candidates from this pool. The Commission extended offers to a 50-year-old male, a 37-year-old female, and a 58-year-old female. Soon after this selection, OPM discovered, upon review of the three candidates' qualifications, that the 50-year-old male did not qualify for the position. The Tax Commission then tendered an offer to the highest-ranked individual remaining, a 29-year-old female.

On April 29, 1997, Bowman filed this action in the district court. He alleged that the Tax Commission violated his civil rights by denying him a promotion on the basis of his gender and age. In July 1997, soon after the suit was filed, OPM reviewed Bowman's file to determine why he had been denied the promotion. This review revealed that Bowman did not meet the educational and experience requirements for the Auditor I position. In his deposition, OPM official Hank Batty testified that he did not know why his office had certified Bowman as qualified in 1992. He posited two possible explanations for this: either Bowman submitted different information in 1992 than he did in 1995, or else someone at OPM had simply made an error in certifying Bowman.     Id. at 88. Batty testified that "the most likely" explanation was that OPM made a mistake by certifying Bowman in 1992.     Id.

In November 1997, the Tax Commission moved for summary judgment. The district court granted this motion on January 26, 1998, holding that Bowman

could not make out a prima facie case of discrimination under either ADEA or Title VII, and that even if he could, there was no evidence in the record which demonstrated that the Commission's proffered reasons for denying Bowman the promotion were pretextual. Bowman appeals this decision of the district court.

## STANDARD OF REVIEW

We review a district court's decision to grant summary judgment de novo, using the same legal standard applicable in the district court. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is proper only in cases where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## DISCUSSION

### I.    Title VII

Bowman's first assertion is that he was denied the promotion because of his gender, in violation of Title VII. To make out a case of discrimination under Title VII, a plaintiff must "carry the initial burden . . . of establishing a prima facie case of . . . discrimination." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To make out a prima facie case of gender discrimination,

Bowman must show the following: (1) that he belongs to a protected class; (2) that he applied for and was qualified for the position he sought; (3) that, despite his qualifications, he was turned down; and (4) that the employer eventually awarded the promotion to a person of the other gender whose qualifications were no better than his own. See id.; see also Tomsic v. State Farm Mut. Auto Ins. Co., 85 F.3d 1472, 1475 n.3 (10th Cir. 1996); Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1380 (10th Cir. 1994). The district court held that Bowman could not make the required prima facie showing, because he could not show that he was qualified for the Auditor I position. We agree.

It is undisputed that the Auditor I position requires either (1) an accounting degree, (2) a business degree coupled with one year of professional-level auditing experience, or (3) "an equivalent combination of education and experience." Appellant's App. at 116. It is also undisputed that Bowman does not have either an accounting degree or one year of professional-level auditing experience. And Bowman does not even attempt to argue, either here or before the district court, that he fits into the third category. Rather, Bowman bases his entire argument on the fact that OPM listed him as "qualified" for the Auditor I position from 1992. This is simply not enough. Bowman must show that he really is qualified for the position, not merely that OPM, apparently mistakenly, designated him as such. Bowman must put forth some showing that he, in actuality rather than merely

according to a bureaucratic ledger, possesses the necessary qualifications for the position. On the record before us, there is simply no evidence to support Bowman's claim. On the contrary, the record is perfectly clear—Bowman did not have the education and experience required for the Auditor I position. Therefore, Bowman cannot make out a prima facie case of gender discrimination, and the district court properly entered summary judgment in favor of the Tax Commission.

Moreover, the district court is entirely correct when it stated that, even assuming that Bowman could make out a prima facie case, the Tax Commission would still be entitled to summary judgment. In order to survive a summary judgment motion, Bowman must establish more than a mere prima facie case. See Lee v. ABF Freight System, Inc., 22 F.3d 1019, 1022 (10th Cir. 1994); Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 798 (10th Cir. 1993), abrogated in part on other grounds, Buchanan v. Sherrill, 51 F.3d 227, 229 (10th Cir. 1995). Bowman must also produce some evidence which tends to establish that the Tax Commission's proffered reasons for denying him the promotion were pretextual, see Hooks, 997 F.2d at 798; see also Ingels v. Thiokol Corp., 42 F.3d 616, 622 (10th Cir. 1994) (applying similar standards to an ADEA claim), or "must otherwise introduce[] evidence of illegal discriminatory motive," Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1165 (10th Cir. 1998). Bowman "at all times

bears the ultimate burden of persuasion." <u>Conner v. Schnuck Mkts., Inc.</u>, 121 F.3d 1390, 1396 (10th Cir. 1997) (quoting <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 511 (1993)). The only "evidence" in the record to which Bowman can point is the Tax Commission's (or OPM's) failure to give Bowman the required notice when, by determining in 1995 that he was not qualified, they effectually removed him from the qualified list. <u>See</u> Appellant's Br. at 3-4. The state's failure to notify Bowman that they had erred in placing him on the qualified list may very well have violated Oklahoma's Merit Rules for Employment,[1] but this failure in no way indicates that the state's proffered reason–that Bowman was not qualified–is mere pretext or was in some other manner discriminatory.

To the contrary, the record demonstrates that the Tax Commission acted without discrimination. First of all, as discussed above, there seems to be no real dispute, either on the record or among the parties themselves, that Bowman, in actuality, did not meet the published criteria for the Auditor I position. This alone persuades us that the Tax Commission's proffered reason is not pretextual. Second, however, the Tax Commission interviewed ten applicants, five of whom

---

[1]Because the issue is not before us, we express no opinion on whether there was any violation of the Oklahoma Merit Rules for Employment, or what the remedy would be if there were such a violation. We make mention of the issue only to point out that evidence of such a Rules violation does not necessarily raise an inference of gender or age discrimination, and that a federal civil rights lawsuit is not the proper forum to pursue violations of such Rules.

were male and five of whom were female. The Tax Commission tendered an offer to one male applicant. On the record here, there is no evidence, either direct or circumstantial, which tends to show that the Tax Commission discriminated against Bowman on the basis of his gender. Thus, even if Bowman could have made out a prima facie case, summary judgment would still have been appropriate.

## II. ADEA

Bowman's next contention is that the Tax Commission discriminated against him on the basis of his age, in violation of ADEA. We analyze Bowman's ADEA claim under standards remarkably similar to the Title VII standards. ADEA plaintiffs, like Title VII plaintiffs, must make an initial prima facie showing. See McKnight , 149 F.3d at 1128 (stating that "[i]n evaluating ADEA claims, the Tenth Circuit uses" the McDonnell Douglas burden-shifting analysis). Bowman must show that "he (1) was within the protected age group at the time of the failure to promote; (2) was qualified for promotion; (3) was not promoted; and (4) was passed over for an available promotion in favor of someone younger." Furr v. AT&T Technologies, Inc. , 824 F.2d 1537, 1542 (10th Cir. 1987). The district court held that Bowman could not make out this prima facie case because

he could not demonstrate that he was qualified for the promotion. For largely the same reasons set forth above in the Title VII analysis, we agree.

Moreover, even if Bowman could have proved his prima facie case, we think summary judgment still would have been proper. Like most circuits, the Tenth Circuit requires ADEA plaintiffs to show more than the prima facie case in order to survive summary judgment. See Marx v. Schnuck Mkts., Inc., 76 F.3d 324, 327 (10th Cir. 1996) (granting defendant summary judgment on an ADEA claim even though plaintiff had established a prima facie case, on the grounds that plaintiff's pretext evidence did not allow for an inference of age discrimination); see also Conner, 121 F.3d at 1397 n.6 (citing cases from other circuits which have also held that ADEA plaintiffs must move beyond the prima facie case to survive summary judgment). As in the Title VII context, ADEA plaintiffs must produce some evidence showing that the defendant's proffered explanation for the failure to promote was pretextual, or must demonstrate in some other way that the defendant acted with discriminatory intent. See Marx, 76 F.3d at 327. For substantially the same reasons discussed above, in the Title VII section, we think Bowman has failed to make such a showing.

First, the record demonstrates that the reason proffered—lack of qualifications—was not pretextual. Second, of the ten applicants interviewed by the Tax Commission, five of them were over 40 years old, and thus members of

the protected age group, and four of those five were over 50 years old. Two of the three candidates initially offered Auditor I positions were 50 or older, although the 50-year-old male was eventually disqualified. Put simply, the record simply does not contain any evidence which tends to show that the Tax Commission's proffered reason was pretextual; indeed, the evidence tends to show that the Tax Commission acted without discriminatory animus. Therefore, we conclude that the district court properly entered summary judgment in favor of the Tax Commission on the ADEA claim.

## CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of the Tax Commission on all counts.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge